# Court of Appeals
# of the State of Georgia

ATLANTA, July 15, 2026

*The Court of Appeals hereby passes the following order:*

## A26E0210. MEADOWS v. PATEL et al.

On July 14, 2026, Olajuwon Meadows filed a pro se emergency motion pursuant to Court of Appeals Rule 40(b) seeking a "temporary stay of execution pending de novo appellate review" of a July 13, 2026 writ of possession issued after Meadows failed to comply with a trial court order requiring him to pay $7,785.00 in past-due rent into the court registry by 5 p.m. on July 8, 2026.[1]

Meadows admits in judicio in his Rule 40(b) motion that he has not paid that amount into the court registry. He asserts that the trial court erred in failing to withdraw the amount owed from a different registry balance of $18.339.97 which is related to a foreclosure sale of the subject property. He acknowledges, however, that US Bank "retains a priority claim" to an unspecified portion of the money.

OCGA § 44-7-56(b)(5) mandates that "[f]or appeals to the Court of Appeals or Supreme Court, the tenant *shall pay all sums found by the trial court to be due for rent or future rent into the registry of the trial court* that rendered the judgment appealed." Emphasis added.) Meadows admitted in judicio that he has not done so. Where, as here, a superior court has

entered an order giving appellees immediate possession of the premises, based upon the failure of the appellant ... to pay rent as required by [a]

---

[1] Although Meadows' emergency motion appears also to seek the stay of a contempt order, no contempt order appears in the exhibits he has submitted. The trial court's order says only that "FAILURE TO COMPLY WITH THIS ORDER *MAY* RESULT IN ... BEING HELD IN CONTEMPT[.]" (Emphasis added.)

previous order[] of the court[, the a]ppellant's right, if any, as tenant to remain in possession *was contingent upon compliance* with [this] order[].

*Mitchell v. Excelsior Sales & Imports*, 243 Ga. 813, 815(2) (256 SE2d 785) (1979) (emphasis added).

The record shows that Meadows filed a notice of appeal in the trial court on July 14, 2026. As this Court has determined:

> If the judgment of the trial court is against the tenant and the tenant appeals this judgment, the tenant shall remain in possession of the premises; provided, however, that *the tenant shall be required to pay rent into the registry of the trial court until the issue has been finally determined on appeal.*

*Thomas v. Wells Fargo Credit Corp.*, 200 Ga. App. 592, 594(5) (409 SE2d 71) (1991) (citing prior version of OCGA § 44-7-56) (punctuation omitted; emphasis added). See also OCGA § 5-5-46(a) (providing that a properly filed notice of appeal serves as a supersedeas upon payment by the appellant of all costs in the trial court).

Under Court of Appeals Rule 40(b), we may issue emergency orders to "preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot. This power shall be exercised sparingly." We have reviewed the materials submitted in connection with this motion, as outlined above, and find that Meadows has failed to establish that the exercise of our emergency powers is merited.

We thus decline to exercise our limited powers under Rule 40(b) in this case. This emergency motion is DENIED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __07/15/2026_____

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*